UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA MARCIANO, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>   vs.<br><br>SCHELL & KAMPETER, INC., et al.,<br><br>                        Defendants. | Civil Action No. 2:12-cv-02708-SJF-AKT<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated as of January 28, 2014, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on [a date approximately 180 days after the Court signs and enters this Order]_____, 2014, at _____, at the United States District Court, Eastern District of New York, Courtroom 1010, 100 Federal Plaza, Central Islip, New York, to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Sections II.F and II.G of the Settlement Agreement should be entered; (iii) whether the proposed Structure of Settlement should be approved; and (iv) any amount of fees and expenses that should be awarded to Robbins Geller Rudman &Dowd LLP ("Lead Counsel") and to Barbara Marciano ("Plaintiff") for their service to the Class; to hear any objections by Class Members to the Settlement

Agreement or Plan of Distribution or any award of fees and expenses to the Lead Counsel and to the Plaintiff; and to consider such other matters as the Court may deem appropriate.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of settlement only, three Sub-Classes defined as:

> (I) Individuals who: (i) purchased but never used a recalled pet product, never fed his/her pet or animal the recalled product, and the class member discarded or retained the product, did not return the product to the dealer or otherwise exchanged the product; or (ii) purchased and used a recalled pet product that caused economic damages detailed in Sub-Class II.
>
> (II) Individuals who, in addition to having purchased or used a recalled pet food product, sustained economic damages as a result of injury or death to animals from their consumption of a recalled product.
>
> (III) Individuals who purchased pet food products subject to the recalls and fully utilized the products with no resultant ill effects.

Specifically excluded from the Class are Defendants, their parents, subsidiaries and affiliates, directors and officers, and members of their immediate families. Also excluded from the Class are the Court, the Court's spouse, all persons within the third degree of relationship to the Court and its spouse, and the spouses of all such persons.

4.  For purposes of settlement only, the Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Plaintiff are typical of the claims of the Class; (d) Plaintiff and her counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co., LLC ("Settlement Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than [a date approximately 14 days after the Court signs and enters this Order] _____, 2014 (the "Notice Date"), Lead Counsel and/or the Settlement Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A and B to the Settlement Agreement, be posted on its website at www.DiamondPetFoodSettlement.com as well as direct Notice, in the form of electronic mail or postcard to be provided to Costco Wholesale Corporation ("Costco") customers, by Costco, if such persons were identified as have having purchased Recalled Pet Food, as defined in the Settlement Stipulation;

(b) Not later than [a date approximately 10 days after the Notice Date] _____, 2014, the Settlement Claims Administrator shall cause the Summary Notice to be published in a National Edition of USA Today;

(c) Not later than [a date approximately 10 days after the Notice Date] _____, 2014, the Settlement Claims Administrator shall cause sponsored web-site links to appear on Google, Yahoo, Bing! and other internet sites, shall create targeted internet content advertising (specifically targeting pet owners), and shall develop and maintain a Facebook page, as well as create Facebook banner and text link advertising.

(d) Not later than [a date approximately 14 days prior to the Settlement Hearing] _____, 2014, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing. Defendants shall serve on Plaintiff's counsel and with the Court proof, by affidavit or declaration, of any such mailing.

6.      All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

7.      All members of the Class (except persons who request exclusion pursuant to ¶10 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

8.      Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than [a date approximately 120 days from the Notice Date] _____, 2014.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9.      Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

10. Any person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such person must submit to the Settlement Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than [a date approximately 55 days after the Notice Date] _____, 2014. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the person requesting exclusion; and (b) that the person wishes to be excluded from the Class. All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

11. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within seven (7) business days prior to the Settlement Hearing.

12. Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to Lead Counsel or to Plaintiff for her service to the Class; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to Lead Counsel or to Plaintiff, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Mario Alba Jr., 58 South Service Road, Suite 200, Melville, NY 11747 and Traub Lieberman Straus & Shrewsberry LLP, Gerard Benvenuto, Mid-Westchester Executive Park,

Seven Skyline Dr. Hawthorne, NY 10532, on or before [a date approximately 55 days from the Notice Date] _____, 2014; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Eastern District of New York, on or before _____, 2014.  Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Lead Counsel or Plaintiff, unless otherwise ordered by the Court.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

14. All papers in support of the Settlement, Plan of Distribution, and any application by Lead Counsel or Plaintiff for attorneys' fees and expenses shall be filed and served no later than [a date approximately 35 days after the Notice Date] _____, 2014 and any reply papers shall be filed and served no later than [a date approximately 14 days prior to the Settlement Hearing] _____, 2014.

15. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

17. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiff nor any of her counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to Section III.B of the Settlement Agreement.

18. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

19. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

20. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2

above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

    IT IS SO ORDERED.

DATED: _____      _____
                                                                                                         THE HONORABLE SANDRA J. FEUERSTEIN
                                                                                                         UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on January 28, 2014, I caused a true and correct copy of the attached:

Notice of Motion for Preliminary Approval of Settlement;

Plaintiff's Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Settlement; and

[Proposed] Order Preliminarily Approving Settlement and Providing for Notice

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

                                                                   /s/ *Mario Alba Jr.*
                                                                     MARIO ALBA JR.