UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――― x
BARBARA MARCIANO, Individually and on : Civil Action No. 12-cv-02708-SJF-AKT
Behalf of All Others Similarly Situated, : **(Consolidated)**
:
                            Plaintiff, : <u>CLASS ACTION</u>
:
   vs. : [PROPOSED] ORDER AND FINAL
: JUDGMENT
SCHELL & KAMPETER, INC., et al., :
:
                         Defendants. :
―――――――――――――――――――― x

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ OCT 30 2014 ★
LONG ISLAND OFFICE

This matter has come before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated February 19, 2014, on the application of the Plaintiff and Defendants (the "Settling Parties") for approval of the Settlement set forth in the Settlement Agreement dated January 28, 2014. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, for purposes of settlement only, a Class comprised of three sub-classes:

(a) Sub-Class I: Individuals who: (1) purchased but never used a recalled pet product, never fed his/her pet or animal the recalled product, and the class member discarded or retained the product, did not return the product to the dealer or otherwise exchanged the product; or (2) purchased and used a recalled pet product that caused economic damages detailed in Sub-Class II.

(b) Sub-Class II: Individuals who, in addition to having purchased or used a recalled pet food product, sustained economic damages as a result of injury or death to animals from their consumption of a recalled product.

(c) Sub-Class III: Individuals who purchased pet food products subject to the recalls and fully utilized the products (*i.e.*, fed the products to their pets or animals) with no resultant ill effects.

4. Excluded from the Class are:

(a) Persons or entities who submitted valid and timely requests for exclusion from the Class; and

(b) Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest, the officers and directors of any Defendant, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

5. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Plaintiff are typical of the claims of the Class; (d) Plaintiff and her counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Settlement Agreement herein.

9. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the persons with Released Claims (the "Released Persons"), whether or not such Class Member executes and delivers the Proof of Claim and Release.

10. Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members and Plaintiff's Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

11. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Plaintiff and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished, and discharged Defendants and Defendants' counsel from all claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action and the Released Claims.

12. Upon the Effective Date, Plaintiff and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

13. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Notice Order entered on February 19, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

14. Any plan of distribution submitted by Class Counsel or any order entered regarding any attorneys' fee application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or the Released Persons may file the Settlement Agreement and/or this Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: *October 30, 2014*

s/ Sandra J. Feuerstein
———————————————
THE HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE